UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

FRANCLINE KOUAM,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-1109

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.    Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or that the Court provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.12.)

In an order entered on April 9, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 4.) Respondents filed their response on April 14, 2026. (Resp., ECF No. 5.) Petitioner filed his reply on April 16, 2026. (ECF No. 6.)

## II.    Relevant Factual Background

Petitioner is a citizen of Cameroon who entered the United States on or about August 28, 2019. (Pet., ECF No. 1, PageID.5.) On December 9, 2025, Petitioner was arrested by ICE. (*Id.*, PageID.6.)

On January 9, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Kouam v. Raycraft* (*Kouam I*), No. 1:26-cv-94 (W.D. Mich.). In *Kouam I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Kouam I*, (W.D. Mich. Jan. 21, 2026), (ECF Nos. 6, 7).

On January 28, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.1.) At the conclusion of the January 28, 2026, hearing, in a written order, the immigration judge denied Petitioner's request for bond, finding that Petitioner was a flight risk. (*Id.*, PageID.2.)

On February 23, 2026, Petitioner filed a § 2241 petition, challenging the adequacy of the January 28, 2026, bond hearing in *Kouam v. Raycraft* (*Kouam II*), No. 1:26-cv-607 (W.D. Mich.). In *Kouam II*, Petitioner argued that the immigration judge improperly placed the burden of proof on Petitioner in the bond hearing and that the immigration judge committed legal error by determining that Petitioner "was a flight risk based exclusively on the existence of a non-final order of removal." Pet., *Kouam II*, (W.D. Mich. Feb. 23, 2026), (ECF No. 1). The Court denied Petitioner's petition because the record did not indicate "that the Immigration Judge applied an

unconstitutional burden of proof at the bond hearing." Op. & Jud., *Kouam II*, (W.D. Mich. Mar. 23, 2026), (ECF Nos. 7, 8).

### III.    Discussion

In Petitioner's present § 2241 petition, Petitioner argues that the immigration judge committed legal error by misapplying the law to the facts, and requests that the Court review the immigration judge's decision to deny Petitioner's request for bond. (Pet., ECF No. 1.) Petitioner asserted essentially this same argument in *Kouam II*. Pet., *Kouam II*, (W.D. Mich. Feb. 23, 2026), (ECF No. 1). As addressed by the Court in *Kouam II*, based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Op., *Kouam II*, (W.D. Mich. Mar. 23, 2026), (ECF No. 7). Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

### <u>Conclusion</u>

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:    __April 29, 2026__                    __/s/ Jane M. Beckering__
                                                    Jane M. Beckering
                                                    United States District Judge

3